

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER OF ABATEMENT

Appellate case name:      Curtis Lee Johnson v. The State of Texas

Appellate case number:    01-11-00352-CR

Trial court case number:  1178448

Trial court:              208th District Court of Harris County

       This case has previously been abated for a determination as to whether appointed counsel has abandoned this appeal. On November 7, 2013, this Court reinstated this appeal and ordered counsel for appellant to either re-file an *Anders* brief which is compliant with our court rules (the *Anders* brief he attempted to file in February, 2013 was rejected by this Court for failure to comply with the Texas Rules of Appellate Procedure, and counsel has been adequately notified as such on several occasions), or to file appellant's brief. No brief was filed. Most recently, on March 18, 2014, this Court ordered counsel for Johnson to file either a compliant *Anders* brief or appellant's brief within 10 days or we will abate the appeal again.

       We still are not in receipt of a compliant brief, whether in the form of a Motion to Withdraw and accompanying *Anders* brief, or an appellant's brief in accordance with Tex. R. App. P. 38.1.

       As such, we abate this appeal and remand the case to the trial court for a **hearing on or before May 5, 2014**, at which appellant and appointed appellate counsel, Gary Polland, shall be present in person. The court coordinator of the trial court shall set a date for said hearing and notify the parties, **including appellant.** If appellant is now incarcerated, he may appear by closed video teleconference.[1] We direct the trial court to make appropriate written findings of fact and conclusions of law and to execute any necessary orders on these issues:

       1) Whether appellant still wishes to pursue this appeal;
       2) Whether or not appointed counsel, Gary Polland, has abandoned this appeal and whether or not to allow him to withdraw;

---

[1]    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

3) Whether appellant is now indigent and entitled to appointed counsel; and, if indigent,
    a. appoint counsel on appeal, and
    b. order the court reporter to file the reporter's record with this Court at no cost to appellant;
4) If appellant is not indigent:
    a. whether he has retained an attorney to file a brief, and, if so, obtain the name, address, and telephone number of retained counsel;
    b. if appellant has not retained counsel, the trial court shall admonish appellant of the dangers and disadvantages of self-representation, and
        i. determine whether appellant is knowingly and intelligently waiving his right to counsel; or,
        ii. if appellant does not wish to proceed pro se, provide a deadline by which appellant must hire an attorney.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (f); *Oliver*, 872 S.W.2d at 716; *Minjares*, 577 S.W.2d at 224; *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g).

The trial court shall have a court reporter, or court recorder, record the hearing and file the reporter's record with the Court no later than 35 days from the date of this order. Additionally, the trial court's findings and recommendations and any orders issued pursuant to this hearing shall be included in a supplemental clerk's record and filed in this Court no later than 35 days from the date of this order. If the hearing is conducted by video teleconference, a certified electronic copy of the hearing shall be filed in this Court no later than 35 days from the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and reporter's record of the hearing are filed in this Court.

It is so ORDERED.

Judge's signature: /s/ <u>Harvey Brown</u>
        ⊠ Acting individually    ☐ Acting for the Court

Date: April 8, 2014